No. 25-3926

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA

*Plaintiff-Appellee*

v.

JUAN A. CABRERA-CLAROS

*Defendant-Appellant*

_____

On Appeal from the United States District Court for the
Northern District of Ohio, No. 1:25-cr-00082-JRA

_____

## BRIEF FOR APPELLANT

_____

Johanes Maliza
Roger A. Boyer
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
216-363-4500
JMaliza@beneschlaw.com
RBoyer@beneschlaw.com

January 13, 2026

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Sixth Circuit Rule 26.1, Defendant-Appellant, Juan A. Cabrera-Claros ("Mr. Cabrera"), makes the following disclosure:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation:

    **Answer:** No

2.  Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

    **Answer: No**

# TABLE OF CONTENTS

# CONTENTS

STATEMENT REQUESTING ORAL ARGUMENT ..........................................1

JURISDICTIONAL STATEMENT .....................................................................2

STATEMENT OF ISSUES FOR REVIEW .............................................................3

STATEMENT OF THE CASE............................................................................4

SUMMARY OF ARGUMENT .............................................................................8

ARGUMENT....................................................................................................11

    I.     LEGAL STANDARDS ..................................................................11

        A.    Standard of Review.................................................................11

        B.    Courts Must Critically Evaluate Police Reports for their Accuracy.....................................................12

        C.    The Government Bears the Burden of Proving Disputed PSR Facts by a Preponderance of the Evidence ..................................................................................13

        D.    Sentences Far Above the Guidelines Require Adequate and Corresponding Explanations ....................14

    II.    ANALYSIS........................................................................................15

        A.    The District Court Over-Relied on the Police Report Cited in PSR Paragraph 25 ......................................15

        B.    The District Court Committed Procedural Error by Failing to Adequately Explain its Sentencing above the Guidelines.........................................19

        C.    The District Court Should Not Rely on Unproven Allegations ............................................................20

CONCLUSION ...................................................................................24

CERTIFICATE OF COMPLIANCE ..................................................29

CERTIFICATE OF SERVICE ............................................................30

DESIGNATION OF ORIGINATING COURT DOCUMENTS ......................31

# TABLE OF AUTHORITIES

**Cases**

*Gall v. United States*, 128 S.Ct. 586 (2007).............................................................11

*Taylor v. Kentucky*, 436 U.S. 478 (1978) .................................................................21

*United States v. Baylin*, 696 F.2d 1030 (3d Cir. 1982) .........................................23

*United States v. Beaty*, 2024 WL 5003232 (6th Cir. 2024)...................................15

*United States v. Black*, 2025 WL 1356614 (6th Cir. 2025) ........................... 12, 17

*United States v. Cover*, 800 F.3d 275 (6th Cir. 2015) ...........................................13

*United States v. Erpenbeck*, 532 F.3d 423 (6th Cir. 2008) ...................................11

*United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008) ....................................14

*United States v. Haj-Hamed*, 549 F.3d 1020 (6th Cir. 2008)...............................22

*United States v. Henry*, 545 F.3d 367 (6th Cir. 2008) ................................... 14, 15

*United States v. Huffman*, 529 F. App'x 426 (6th Cir. 2013)................. 13, 17, 22

*United States v. Jones,* 453 F.3d 777 (6th Cir. 2006) ...........................................12

*United States v. Jones*, 815 F. App'x 870 (6th Cir. 2020)....................................12

*United States v. Jordan*, 742 F.3d 276 (7th Cir. 2014) ................................... 12, 17

*United States v. Lang*, 333 F.3d 678 (6th Cir. 2003) ..................................... 13, 22

*United States v. Newsome*, 894 F.2d 852 (6th Cir. 1990) .............................. 14, 19

*United States v. Orlando*, 363 F.3d 596 (6th Cir. 2004) .......................................12

*United States v. Perez-Rodriguez*, 960 F.3d 748 (6th Cir. 2020)..........................15

*United States v. Poynter*. 495 F.3d 349 (6th Cir. 2007)..........................................14

*United States v. Shipman*, 2000 WL 687686 (6th Cir. 2000) ...............................12

*United States v. Silverman*, 976 F.2d 1502 (6th Cir. 1992)..................................23

*United States v. Stall*, 581 F.3d 276 (6th Cir. 2009) ..............................................24

*United States v. Stevens*, 851 F.2d 140 (6th Cir. 1988) .........................................13

*United States v. Tarwater*, 308 F.3d 494 (6th Cir. 2002)......................................16

*United States v. West*, 962 F.3d 183 (6th Cir. 2020) ..............................................11

*United States v. Ziska*, 602 F. App'x 284 (6th Cir. 2015) .....................................22

## Statutes

18 U.S.C. § 3231.......................................................................................................2

18 U.S.C. § 3742.......................................................................................................2

28 U.S.C. § 1291.......................................................................................................2

8 U.S.C. § 1326.........................................................................................................4

## Rules

Fed. R. App. P. 34(a) ...............................................................................................1

Fed. R. Crim. P. 32(i)(3)(B) ............................................................................. 13, 14

**Constitutional Provisions**

U.S. Const. amend. V ...............................................................................22

## STATEMENT REQUESTING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a), Mr. Cabrera respectfully requests oral argument in this case. Oral argument will significantly aid the Court in its determination as this appeal presents important and recurring questions concerning a district court's discretion to rely on unproven and disputed factual allegations from a police report in an unrelated case, contained within a presentence investigation report ("PSR").

This appeal arises from the sentence below, which substantially relied on disputed allegations from a police report of a prior conviction, where those facts were neither admitted by Mr. Cabrera in the PSR nor proven at trial in the underlying state case. The proper scope of a sentencing judge's discretion to consider such disputed allegations from a police report, and the due-process constraints governing that discretion, are central to this appeal. Oral argument will assist this court in addressing the legal and constitutional implications of this reliance. The issues presented are exceptionally important to the fairness and integrity of sentencing proceedings, and for the reasons fully described herein, Mr. Cabrera respectfully requests oral argument concerning the issues of this appeal.

# JURISDICTIONAL STATEMENT

Jurisdiction was proper in the district court pursuant to 18 U.S.C. § 3231. Mr. Cabrera was charged by indictment with one count of violating 8 U.S.C. § 1326, (Indictment, R. 1, Page ID # 1) and pled guilty to the same on August 12, 2025.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. On November 18, 2025, the district court imposed a 24 month sentence in Bureau of Prisons ("BOP") custody, with 12 months of supervised release. (Judgement, R. 19, Page ID # 84). Mr. Cabrera timely filed a Notice of Appeal on November 20, 2025. (Notice of Appeal, R. 21, Page ID # 97).

## STATEMENT OF ISSUES FOR REVIEW

(1)    Whether the district court erred by basing the sentence on disputed allegations contained in a police report that was cited in the Presentence Investigation Report.

(2)    Whether the district court erred by accepting the allegations from the police report cited in the Presentence Investigation Report, when Defendant objected to the allegations and the Government presented no evidence in support thereof.

(3)    Whether the district court committed error by sentencing Defendant to a 70% upward variance without a sufficiently compelling explanation therefore.

(4)    Whether the district court committed error by imposing an unreasonable sentence.

(5)    Whether the district court violated Mr. Cabrera's Fifth Amendment due process rights by accepting the disputed allegations contained in the police report as fact.

## STATEMENT OF THE CASE

On March 5, 2025, Mr. Cabrera was indicted in the Northern District of Ohio for one count of illegal reentry in violation of 8 U.S.C. § 1326. (Indictment, R. 1, Page ID # 1). The indictment detailed that Mr. Cabrera, as an alien and citizen of El Salvador who had been previously removed from the United States, violated 8 U.S.C. § 1326 on February 15, 2025 by being found in the United States without previously obtaining the consent of the Attorney General of the United States to apply for readmission. (*Id.*). On August 12, 2025, Mr. Cabrera entered a guilty plea to the single count indictment. (PSR, R. 14, Page ID # 52; August 12, 2025 Change of Plea Proceedings Transcript, R. 23, Page ID # 102 - 112).

The final PSR set Mr. Cabrera's Guidelines range at 8 to 14 months of imprisonment based upon an offense level of 10 and criminal history category II. (PSR, R. 14, Page ID # 60). Mr. Cabrera did not dispute the offense level or criminal history category, but he did object to several factual conclusions contained in the final PSR. (*Id.*, at Page ID # 66-67).

This appeal specifically concerns Mr. Cabrera's objection to Paragraph 25 of the PSR, which cited and expressly relied upon a South Euclid (Ohio) Police Department police report related to Cuyahoga County Court of

Common Pleas Case No.: CR-25-698787-A.  (*Id.*, at Page ID # 54-55). In that state case, Mr. Cabrera was initially arrested for and accused of rape, but those charges were dismissed, and Mr. Cabrera's offense of conviction was gross sexual imposition ("GSI").  (*Id.*).

The police report, and thus the PSR, included a great deal of uncorroborated information, third party hearsay, and allegations that, had they been provable, would have been grounds for a conviction on the rape counts. (*Id.*). The police report, and thus PSR Paragraph 25, asserted that Mr. Cabrera raped his 12-year old daughter. (*Id.*). But the state ultimately dismissed the rape counts, and Mr. Cabrera pleaded guilty to two counts of GSI instead. (*Id.*, at Page ID # 54-55, 66; November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 119, 139).

Mr. Cabrera objected to the PSR and the underlying police report's factual allegations as being inaccurate and alleging facts far beyond those proved in the state court. (PSR, R. 14, Page ID # 66). In his objections to Paragraph 25 of the PSR, Mr. Cabrera highlighted that he only pled guilty to the elements of the crime of gross sexual imposition – not to the rape counts that had been dismissed. (*Id.*). Further, Mr. Cabrera requested that the PSR note that police reports are not presumptively accurate, and that no facts

beyond the bare elements of his GSI convictions had ever been tested or proven in court. (*Id.*).

The district court held Mr. Cabrera's sentencing hearing on November 18, 2025 (Notice of Sentencing Hearing, R. 12, Page ID # 28). Mr. Cabrera's objections were overruled, and the requested additions to the PSR – regarding the lack of presumptive accuracy of police reports and the limitations on what he pled to – were not included in the final PSR after presenting those objections to the district judge. (PSR, R. 14, Page ID # 66).

At the sentencing hearing, Mr. Cabrera re-raised his objections. (November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 116-117, 139). During the hearing, the district court specifically relied upon the underlying police report's factual allegations, stating that the police report's allegations were reliable, without explanation. (*Id.*, at Page ID # 139-140). The district court underlined its reliance on the factual allegations of the police report and the dismissed rape charges, stating that Mr. Cabrera "committed what most would call heinous crimes involving his own daughter," which "were actually rape cases that were broken down by way of a plea agreement to gross sexual imposition." (*Id.*, at Page ID # 137). At the sentencing hearing, no evidence was admitted to support the police

report and the allegations included in the PSR or the conclusion that was Mr. Cabrera's crime of conviction was actually a rape case, instead of a GSI case, all along.

In overruling Mr. Cabrera's objections, the district court held that the police report is "reliable," and that "mere simply denying the facts as set forth in the report is not specific or sufficient enough for the court to consider further." (*Id.*, at Page ID # 139-140). After rejecting Mr. Cabrera's objection to the PSR, the district court imposed the statutory maximum sentence of 24 months. (Judgment, R. 19, Page ID # 85). The sentence imposed is a 70% upward variance. Indeed, the Government only requested a sentence of 14 months. (November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 132-133).

## SUMMARY OF ARGUMENT

A district court cannot sentence a criminal defendant based on factual allegations that were neither proven at trial, admitted by the defendant, nor corroborated by reliable evidence in the record. Here, the district court did precisely that. The district court fully adopted PSR Paragraph 25, which recited allegations from a state police report, without any acknowledgement that the allegations in the police report might not be entirely accurate. The statements contained in the PSR's police report were neither sworn to, proven at trial, nor admitted to by Mr. Cabrera, yet the district court adopted them for their truthfulness without scrutiny as to their accuracy or reliability. This lack of scrutiny is particularly troubling given that the state court rape charges alleged in the paragraph were dismissed and deliberately not pursued by the state government. The dismissal of those charges underscores how unreliable the allegations contained in the police reports were. Despite this, the district court relied on those allegations as established facts for sentencing purposes.

In relying on these unproven allegations, the district court erred by sentencing Mr. Cabrera in reliance on allegations that had never been corroborated. In state court, Mr. Cabrera pleaded guilty only to the crime of

GSI, a wholly separate and distinct crime with materially different elements than the rape charges referenced in Paragraph 25 of the PSR. Rather than confining its analysis to the offence of conviction, or even to the facts shown by the state court conviction, the district court effectively punished Mr. Cabrera for more serious prior crimes than the state (or any court) ever found he committed. This reliance – after the rape accusations had been dismissed and without forcing the United States to present evidence in their support at the sentencing hearing – deprived Cabrera of the opportunity to defend himself in a live hearing, and instead left him challenging the absent police officer's interpretation of supposed statements by others. The Fifth Amendment to the United States Constitution requires otherwise.

Compounding this error, the district court relied on these disputed and unproven allegations to impose a substantial upward variance. Mr. Cabrera received the statutory maximum of 24 months, well outside the correctly calculated sentencing guidelines range of 8 to 14 months, and well above the 14 month sentence that the Government requested. In doing so, the district failed to provide a specific explanation to justify the enhanced sentencing other than the district court's reliance on the police report. Despite the existence of a factual dispute as to the contents of the South

Euclid police report, the district court did not make an explicit factual finding as to the truthfulness of the report cited in Paragraph 25 of the PSR.

As a result of these procedural errors, the district court imposed a sentence that was greater than necessary to achieve the purposes of the sentencing. Accordingly, Mr. Cabrera's sentencing is procedurally unreasonable and must be vacated and remanded for resentencing.

## ARGUMENT

## I. LEGAL STANDARDS

### A. Standard of Review

A district court's sentencing determination is reviewed "under a deferential abuse-of-discretion standard" for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 128 S.Ct. 586, 591 (2007). First, the court must "ensure that the district court committed no procedural error" with its sentencing. *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008). Upon determining that no procedural errors were made, the court must "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard[,] ... tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (citations omitted).

The Sixth Circuit reviews a sentencing court's findings of fact under the clear-error standard. *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020). Under this standard, "a reviewing court must ask whether on the entire evidence it is left with the definite and firm conviction that a mistake

has been committed." *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004) (citations and internal quotation marks omitted).

**B.  Courts Must Critically Evaluate Police Reports for their Accuracy**

"Police reports are often unreliable because they are not filed in court, are not sworn to, and are developed for an investigatory purpose." *United States v. Black*, 2025 WL 1356614 at *3 (6th Cir. May 9, 2025) (citing *United States v. Jones*, 453 F.3d 777, 780 (6th Cir. 2006)). This Court views police reports with caution in part because police reports are "advocacy pieces, written for prosecutors to use in deciding whether or how to charge a suspect." *Black*, 2025 WL 1356614 at *3. The Seventh Circuit held similarly in *United States v. Jordan*, 742 F.3d 276, 280 (7th Cir. 2014). A district court may only rely upon the factual information contained in a police report, "if the information has a 'minimal indicium of reliability.'" *Id*. As a result, courts neither assign inherent reliability to police reports nor inherent unreliability to police reports. *United States v. Jones*, 815 F. App'x 870, 878 (6th Cir. 2020); *see also United States v. Shipman*, 2000 WL 687686 at *4 (6th Cir. 2000).

### C. The Government Bears the Burden of Proving Disputed PSR Facts by a Preponderance of the Evidence

A district court may not rely on the facts in the PSR if there is an unresolved dispute. *United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015) (citing Fed. R. Crim. P. 32(i)(3)); *see also United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003). "To create a factual dispute, a defendant 'must produce some evidence that calls the reliability or correctness of the alleged facts into question'-a burden of production that requires 'more than a bare denial.'" *Cover*, 800 F.3d at 278. Where the facts contained in the PSR are in dispute, "the government must then convince the court that the PSR's facts are actually true." *Lang*, 333 F.3d at 681; *see also United States v. Huffman*, 529 F. App'x 426, 430 (6th Cir. 2013) (when the defendant calls the correctness of a PSR's factual findings into question, "the government again has the burden to prove that the PSR version of facts is actually true.").

Objections to facts in the PSR "trigger" the procedural requirements of Rule 32(i)(3)(B). *United States v. Stevens*, 851 F.2d 140, 142 (6th Cir. 1988) (noting the importance of objecting under a prior version of Rule 32). If there is a dispute over the facts in the PSR, the district court "must--for any disputed portion of the presentence report or other controverted matter--

rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

### D. Sentences Far Above the Guidelines Require Adequate and Corresponding Explanations

When a district court imposes a sentence that exceeds the guideline range, it "not only must state, on the record, the reasons for its imposition of the particular sentence, but must state the specific reason for the imposition of a sentence exceeding the guideline range." *United States v. Newsome*, 894 F.2d 852, 857 (6th Cir. 1990) (internal quotations omitted). A district court has an obligation to clearly articulate its reasoning for its imposed sentence. *United States v. Henry*, 545 F.3d 367, 385 (6th Cir. 2008). "This obligation is especially important where the district court has significantly departed from the Guidelines range." *Id.*; *see also United States v. Poynter*. 495 F.3d 349, 357-58 (6th Cir. 2007) (discussing the importance of ensuring that district courts provide adequate reasoning for significant departures from the guidelines).

Varying from sentencing guidelines "require[s] some correlation between the extent of a variance and the justification for it." *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008). When determining whether a

sentence outside the guidelines is warranted, the court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Henry*, 545 F.3d at 385. "The greater the variance, the more compelling the justification must be." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). "[F]ailing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range" is a procedural error. *United States v. Beaty*, 2024 WL 5003232 at *3 (6th Cir. 2024).

## II. ANALYSIS

### A. The District Court Over-Relied on the Police Report Cited in PSR Paragraph 25

Here, the district court substantially relied on the allegations from the police report cited at PSR Paragraph 25 when sentencing Mr. Cabrera, but did not explain why those allegations were sufficiently reliable to form the basis for a sentence. Moreover, at the sentencing hearing, the Government did not present evidence to establish that the police report incorporated into Paragraph 25 of the PSR was reliable. The police report contains highly inflammatory allegations about Mr. Cabrera's state case. (PSR, R. 14, Page ID # 54-55). The allegations were so inflammatory, in fact, that if there were

evidence to support them, it is hard to believe a state prosecutor would have dismissed the rape charges, or that the state court judge would have imposed only six months in prison. (*Id.*).

The district court adopted the police report's narrative in full, without requiring the Government to present evidence supporting the accuracy of the police report. In *United States v. Tarwater*, this Court held that district courts must require that disputed facts be settled by a preponderance of the evidence at sentencing. 308 F.3d 494, 518 (6th Cir. 2002). In *Tarwater*, the Court held that "to ensure that sentencing is based on reliable facts found by the court itself after deliberation, a court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." *Id.* There must be some analysis. In this case, the district court's wholesale adoption of the police report's allegations is contrary to *Tarwater*.

There was an obvious factual dispute due to the combination of Mr. Cabrera's objections to PSR's underlying facts, the state prosecutor's decision to dismiss the rape charges, and Mr. Cabrera's state court sentence of only six months. If the accuracy of the police report was beyond question,

the state rape charges would not have been dismissed and or the judge would not have sentenced Mr. Cabrera to only six months.

This obvious dispute was sufficient to shift the burden to the Government to prove the PSR's allegations in Paragraph 25 were in fact true. *See Huffman*, 529 F. App'x at 430 (when the defendant calls the correctness of a PSR's factual findings into question, "the government again has the burden to prove that the PSR version of facts is actually true."). The allegations contained in the police report are nothing more than allegations. As held in *Black*, police reports are often unreliable since they are neither filed in court nor sworn declarations. *See* 2025 WL 1356614 at *3. And as the Seventh Circuit held in *Jordan*, police reports can also be seen as advocacy pieces used for investigations. *See* 742 F.3d at 280.

The police report's unreliability is underscored by the state prosecution's own actions in Mr. Cabrera's state court case. After a full investigation, and after initially charging him with rape, the state prosecutor chose not to pursue the original rape charges against Mr. Cabrera. If the facts in the police report had been provable, it is hard to imagine the state prosecutor would have dropped them, or that the state court would have given only a six month sentence.

Mr. Cabrera's statute of conviction in his state court case is the best evidence suggesting that the allegations of the police report reached beyond provable facts. Cabrera pled guilty to two counts of GSI. *See* Cuyahoga County Court of Common Pleas Case No.: CR-25-698787-A. GSI is a separate and distinct crime from rape, even though rape was alleged in the police report, referenced in the PSR, and repeated by the district court as a basis for the district court's sentence. (PSR, R. 14, Page ID # 54-55; November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 117-118, 135, 137).

Thus, the district court's reliance on the police report cited in the PSR was misplaced. Mr. Cabrera's guilty plea to GSI did not constitute an admission to the dismissed rape charges. But the district court's reliance on the dismissed rape charges and the allegations of the PSR/police report suggests that the district court believed the rape charges were dismissed for a reason other than the facts of that case. That assumption has no support in the record.

The district court should not have adopted the factual allegations from the police report in Paragraph 25 of the PSR because there is no evidence explaining how Paragraph 25's allegations could have both been true, and also could have resulted in a six month sentence. Having placed so much

weight on Paragraph 25, the district court based the sentence on unsubstantiated allegations. The sentence must be vacated and remanded for resentencing free from reliance on unproven allegations in the PSR.

## B. The District Court Committed Error by Failing to Adequately Explain Its Significantly Above-Guidelines Sentence

In the instant case, the district court committed a procedural error by failing to adequately articulate justification for imposing a sentence well above the guidelines. The guidelines range was 8 to 14 months of imprisonment, and the Government asked for 14 months. (November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 132-133). Nevertheless, the court imposed a sentence at the statutory maximum of 24 months. (Judgment, R. 19, Page ID # 85). The district court did not sufficiently justify the significant variance. While the district court obviously can impose a sentence above the guidelines, it must clearly articulate the specific reason for its sentence outside the guideline range. *Newsome*, 894 F.2d at 857.

The district court focused on the Cuyahoga County case as justification for a sentence at the statutory maximum, and so far above the guidelines range. As noted above, Paragraph 25 of the PSR was a recitation of unproven allegations from a police report. The dropped charges and six month

sentence in the state case strongly suggest the police report was unreliable. Despite the rape charges being dropped, the district court explicitly stated that it felt the state case was an "actual rape" case. (November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 137). Legally, though, it was actually not a rape case, because those charges were dropped. The district court did, at other times, acknowledge that it was a GSI case, *(see Id.*, at Page ID # 127), but never acknowledged that the police report from the PSR had reliability problems. That report, which was not sufficient to serve as a basis for a rape conviction, is not sufficient to serve as a valid basis for such a significant upward variance.

Because the court did not adequately explain why such a significant variance was necessary, or why sentencing within the guideline range was insufficient, the district court's sentence is procedurally unreasonable and must be vacated.

## C.     The District Court Should Not Rely on Unproven Allegations

As a preliminary matter, the United States Supreme Court has declared that a person accused of a crime is "entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or

other circumstances not adduced as proof at trial." *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978).

Mr. Cabrera timely objected to the factual allegations contained in Paragraph 25 of the PSR on the grounds that they were inaccurate and went beyond the elements of the crime for which he was convicted. (PSR, R. 14, Page ID # 66; *see also* November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 117). Mr. Cabrera's objections were more than a bare denial, as they were substantiated by the undisputed fact that the state dropped the rape charges and he got only a six month sentence, which would be unthinkable if the truly shocking allegations in Paragraph 25 were provable. The most logical assumption is that, had the state prosecutor found the allegations provable, he or she would have prosecuted Mr. Cabrera accordingly, and he would have received a sentence far beyond six months in state court. Mr. Cabrera's objections, combined with the mere six month sentence, created a genuine factual dispute as to the accuracy of the allegations contained in Paragraph 25 of the police report.

Despite this factual dispute, the district court did not ensure that the contested facts in the PSR were accurate, in part because the Government presented no evidence in support thereof. *See Huffman*, 529 F. App'x at 432

21

("We retain the rule that the government bears the burden to prove disputed facts relevant to sentencing."); *see also Lang*, 333 F.3d at 681 (6th Cir. 2003). The court made no explicit findings of fact regarding the allegations underlying Mr. Cabrera's dismissed state court charges. While in general, a district court may consider uncharged or dismissed conduct for sentencing purposes, before doing so, it "must make findings by a preponderance of the evidence . . . " about the accuracy of those allegations. *United States v. Haj-Hamed*, 549 F.3d 1020, 1026 (6th Cir. 2008). Additionally, district courts must "determine the factual bases for sentencing factors by a preponderance of the evidence." *United States v. Ziska*, 602 F. App'x 284, 291 (6th Cir. 2015).

The record is devoid of any evidentiary basis supporting the PSR's contested facts. But the due process clause of the Fifth Amendment requires such evidence. *United States v. Silverman*, 976 F.2d 1502, 1504 (6th Cir. 1992). In *Silverman*, this Court noted that

> due process requires that *some* evidentiary basis beyond mere allegation in an indictment be presented to support consideration of such conduct as relevant to sentencing. [As] a matter of due process, factual matters may be considered as a basis

for sentence only if they have some minimal indicium of reliability beyond mere allegation.

976 F.2d 1502 at 1504 (citing *United States v. Baylin*, 696 F.2d 1030, 1040 (3d Cir. 1982)).

Those Constitutional protections were not provided in this case. At the sentencing hearing, the Government presented no witnesses or evidence establishing the reliability of the police report, or the decision to drop the rape charges. They did not even present the police officer who had written the police report. There was simply no balancing of the words on the page against their actual use in the state case, where the most serious charges were dismissed, and Mr. Cabrera received only a six month sentence.

The district court did not compellingly justify the upward variance other than its reliance on Mr. Cabrera's dismissed rape charges and the fact that Mr. Cabrera had come back to the United States after prior deportations. *See United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009) (emphasizing that the greater the district court's variance, the more compelling the evidence and justification supporting that variance must be). It also did not make any factual findings as to why the police report was reliable.

Nevertheless, it held that Mr. Cabrera had committed "what one would call commonly heinous crimes, rapes broken down to gross sexual imposition . . . ." (November 18, 2025 Sentencing Hearing Transcript, R. 24, Page ID # 125). Absent factual findings as to the police report's accuracy, the district court cannot rely so heavily on the contents of PSR Paragraph 25. This unquestioning over reliance therefore rendered Mr. Cabrera's sentence procedurally unreasonable.

## CONCLUSION

For the foregoing reasons, Mr. Cabrera respectfully requests that this Court vacate Mr. Cabrera's sentence and remand for further proceedings.

January 13, 2026                              Respectfully submitted,

*/s/*     Johanes C. Maliza
Johanes C. Maliza
Roger A. Boyer
BENESCH FRIEDLANDER
  COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
216-363-4500
JMaliza@beneschlaw.com
Rboyer@beneschlaw.com
*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that the foregoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B).  The foregoing brief contains 4,536 words of Book Antiqua 14-point proportional type across 417 lines of text.  The word processing software to prepare this brief was Microsoft Word.


Dated: January 13, 2026                    /s/     Johanes C. Maliza
                                           Johanes C. Maliza

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have emailed courtesy copies of the foregoing document to the case participants identified below.

Laura McMullen Ford
Office of the United States Attorney
United States Courthouse
801 W. Superior Avenue, Suite 400
Cleveland, Ohio 44113
Laura.Ford@usdoj.gov

*Attorney for Appellee*

/s/     Johanes C. Maliza
Johanes C. Maliza

# <u>DESIGNATION OF ORIGINATING COURT DOCUMENTS</u>

In accordance with 6. Cir. R. 30, Appellant hereby designates as

"Relevant District Court Documents" the following documents filed in the

district court and available via the court's electronic CM/ECF system:

| ECF | Date | Item | Page ID |
|:---:|:---|:---|:---:|
| 1 | 03/05/2025 | Indictment | 1 |
| 12 | 08/13/2025 | Notice of Sentencing Hearing | 28 |
| 14 | 11/04/2025 | Presentence Investigation Report *Sealed* | 50-67 |
| 19 | 11/19/2025 | Judgment | 84-90 |
| 21 | 11/20/2025 | Notice of Appeal | 96-97 |
| 23 | 11/28/2025 | August 12, 2025 Change of Plea Proceeding Transcript | 99-112 |
| 24 | 11/28/2025 | November 18, 2025 Sentencing Hearing Transcript | 113-140 |