No. 25-3926

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA

*Plaintiff-Appellee*

v.

JUAN A. CABRERA-CLAROS

*Defendant-Appellant*

_____

On Appeal from the United States District Court for the
Northern District of Ohio, No. 1:25-cr-00082-JRA

_____

**REPLY BRIEF OF APPELLANT**

_____

Johanes Maliza
Roger A. Boyer
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
216-363-4500
JMaliza@beneschlaw.com
RBoyer@beneschlaw.com

February 26, 2026

# TABLE OF CONTENTS

ARGUMENT ..................................................................................................1

    I.     Mr. Cabrera Properly Objected to the Presentence Report's Summary of His State Court Case's Procedural History ...............................................................................1

    II.    Non-resolution or Explanation of Factual Disputes should Be Reviewed under a Harmless Error Standard ....................................................................................4

    III.   The Presentence Investigation Report Lacks the Minimal Indicium of Reliability Necessary to Support its Accuracy .............................................................7

    IV.   The Above Guidelines Sentence is Procedurally and Substantively Unreasonable ..........................................................11

CONCLUSION ............................................................................................13

CERTIFICATE OF COMPLIANCE ..........................................................14

CERTIFICATE OF SERVICE ....................................................................15

DESIGNATION OF ORIGINATING COURT DOCUMENTS .......................16

# TABLE OF AUTHORITIES

**Cases**

*Abu-Joudeh v. Schneider*, 954 F.3d 842 (6th Cir. 2020) ........................................... 9

*Eubank v. Wesseler*, 2011 WL 3652558 (E.D. Ky. Aug. 19, 2011) ........................ 9

*Platt v. Bd. of Comm'rs on Grievs. & Discipline of Ohio Supreme*
   *Court*, 894 F.3d 235 (6th Cir. 2018) ....................................................................... 8

*Stewart v. Erwin*, 503 F.3d 488 (6th Cir. 2007) ........................................................ 11

*United States v. Black*, 2025 WL 135661 (6th Cir. May 9, 2025) ........... 6, 7, 8, 10

*United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004) ............................................... 5

*United States v. Bowens*, 938 F.3d 790 (6th Cir. 2019) ............................................ 5

*United States v. Castillo*, 1992 WL 361374 (6th Cir. 1992) .................................... 1

*United States v. Caver*, 470 F.3d 220 (6th Cir. 2006) ............................................ 11

*United States v. Clark*, 254 F. App'x 528 (6th Cir. 2007) ....................................... 8

*United States v. Edgecomb*, 910 F.2d 1309 (6th Cir. 1990) ............................... 1, 2

*United States v. Emerson*, 1994 WL 75780 (6th Cir. 1994) .................................... 7

*United States v. Ford*, 724 F. App'x 428 (6th Cir. 2018) ...................................... 12

*United States v. Hatcher*. 947 F.3d 383 (6th Cir. 2020) ........................................ 10

*United States v. Henry*, 545 F.3d 367 (6th Cir. 2008) ........................................... 12

*United States v. Jeter*, 721 F.3d 746 (6th Cir. 2013) ..............................................2

*United States v. Jones*, 2023 WL 1861317 (6th Cir. Feb. 9, 2023) .......................11

*United States v. Jones*, 453 F.3d 777 (6th Cir. 2006) ..............................................8

*United States v. Kamper*, 748 F.3d 728 (6th Cir. 2014) ..........................................5

*United States v. Lang*, 333 F.3d 678 (6th Cir. 2003) ...............................................4

*United States v. Lanning*, 633 F.3d 469 (6th Cir. 2011) .......................................12

*United States v. Perez-Rodriguez*, 960 F.3d 748 (6th Cir. 2020) ..........................12

*United States v. Tarwater*, 308 F.3d 494 (6th Cir. 2002) ........................................2

*United States v. Taylor*, 768 F.2d 114 (6th Cir. 1985) ...........................................11

*United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) ...........................................1

*United States v. Wilson*, 1998 WL 939987 (6th Cir. 1998) .....................................7

## Rules

Fed.R.Crim.P. 51(b) ...............................................................................................1, 5

## U.S. Sentencing Guidelines

U.S.S.G. § 6A1.3 .........................................................................................................7

# ARGUMENT

## I. Mr. Cabrera Properly Objected to the Presentence Report's Factual Allegations

Appellant Juan Cabrera-Claros ("Mr. Cabrera") properly objected to the Presentence Investigation Report's ("PSR") factual allegations by timely raising his objections both in the written objections to the PSR and at the sentencing hearing. The government is mistaken when it asserts that Mr. Cabrera did not adequately dispute PSR ¶ 25 of the Presentence Investigation Report ("PSR") or the factual basis therefore. (Doc. 11: Gov. Br., Page 14).

A defendant "may preserve a claim of error by informing the court . . . of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008); *see also* Fed.R.Crim.P. 51(b). The Sixth Circuit has held that "where a proper objection to the PSR has been filed, the defense need not register an additional objection at the sentencing hearing to preserve it on appeal." *United States v. Castillo*, 1992 WL 361374 at *3 (6th Cir. 1992) (emphasis added); *see also United States v. Edgecomb*, 910 F.2d 1309, 1313–14 (6th Cir. 1990). *See also United States v. Jeter*, 721 F.3d 746, 755-56 (6th

1

Cir. 2013). In *Edgecomb*, the Sixth Circuit found that the defendant properly objected to the PSR's specific factual findings when filing his objections to the PSR despite the defendant failing to re-raise those objections at the sentencing hearing. *Edgecomb*, 910 F.2d at 1313-14.

Mr. Cabrera objected to the district court's reliance on uncorroborated factual allegations drawn from a police report incorporated into the PSR when he objected to the PSR in writing. (PSR, R. 14, Page ID # 66-67). In his written objections, Mr. Cabrera explained that because he pleaded guilty only to the crime of gross sexual imposition, the facts set forth in ¶ 25 of the PSR went "beyond the bare elements of the crime for which he was convicted."(*Id.*). Mr. Cabrera renewed his "beyond the bare elements" objection at the Sentencing Hearing. (Nov. 18, 2025 Sentencing Hr'g Tr., R. 24, Page ID # 117).

Once Mr. Cabrera raised his objections, the burden shifted to the government to prove the PSR's accuracy by a preponderance of the evidence. *See United States v. Tarwater*, 308 F.3d 494, 518 (6th Cir. 2002).

The sentencing judge acknowledged Mr. Cabrera's objections but overruled them, summarily declaring that the statements in PSR ¶ 25 were "reliable." (*Id.*, at Page ID # 139). By relying on the PSR's disputed facts for

2

its enhanced sentencing without any explanation or clear factual findings, and without the government having presented any support for PSR ¶ 25, the district court abused its discretion. Accordingly, Mr. Cabrera's sentence should be vacated and remanded for sentencing free from reliance on the disputed and unsupported PSR allegations.

Further, and contrary to the government's characterization, (*see* Doc. 11: Gov. Br., Page 15), Mr. Cabrera did not assert a "bare and simple" objection to the accuracy of the entire PSR. Rather, Mr. Cabrera's objections specifically target the uncorroborated allegations in PSR ¶ 25. (PSR, R. 14, Page ID # 54-55, 66-67; Nov. 18, 2025 Sentencing Hr'g Tr., R. 24, Page ID # 116-118). Specifically, Mr. Cabrera challenged the statements by Lopez and I.L. (PSR, R. 14, Page ID # 54-55, 66-67). He explained that the allegations extended beyond the bare elements of his state court conviction for gross sexual imposition. (*Id.*, Page ID # 66). Mr. Cabrera also expressly questioned the impartiality and reliability of the underlying police report, noting that such reports are not presumptively accurate. (*Id.*).

The government attempts to shift the burden of proof to Mr. Cabrera. (Doc. 11: Gov. Br., Pages 14-16). But this Court does not require that defendants prove that the PSR's allegations are entirely false, it just requires

that they "produce some evidence that calls the reliability or correctness of the alleged facts into question." *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003). His objections did that here, for instance, by pointing out the non-neutrality of the narrator in PSR ¶ 25, and pointing out that if the evidence described in the police report had been sufficiently provable, he would have been convicted of the more serious crime described in PSR ¶ 25. At the hearing, it was the government who had a burden to show that the police officer had accurately recorded witness statements, or that he had gathered corroborating evidence in support thereof. But the government presented no witnesses, no corroborating evidence, and no explanation for the dismissed charges. They did not even bring the police officer whose written report was in dispute. It was the government who failed to carry its burden.

II. **Non-resolution and Non-explanation of Factual Disputes should Be Reviewed under a Harmless Error Standard**

Mr. Cabrera objected to reliance on PSR ¶ 25 of the PSR, and asked for a within-guidelines sentence. Since the district court rejected those specific requests, resulting Due Process claims should be reviewed under a harmless error standard, not plain error. The government tries to impose a requirement for defense counsel to harass a judge who has already ruled on

an objection and already given his reasoning, even if that reasoning may be insufficient. (Doc. 11: Gov. Br., Pages 12-14). The government argues that, because defense counsel did not demand repetition of the district court's already-entered decision, and already-given explanation, he did not preserve the Due Process objection. (*Id.*).

But defense counsel – both in written and spoken objection – told the district court that PSR ¶ 25 did not have corroborating evidence, and that there needed to be more evidence because Mr. Cabrera disputed it. (PSR, R. 14, Page ID # 66; Nov. 18, 2025 Sentencing Hr'g Tr., R. 24, Page ID # 116-117, 139). The district court made clear on the record that he disagreed with defense counsel, and was satisfied with the detail in the PSR. (Nov. 18, 2025 Sentencing Hr'g Tr., R. 24, Page ID # 117-118, 139-140). It is not for a lawyer to cross examine a judge and say "Why?" when the judge has given his ruling on an objection. Fed. R. Crim. P. 51(a). Nor are questions pursuant to *United States v. Bostic*, 371 F.3d 865 (6th Cir.2004) intended to limit appellate rights when a defense attorney has already been rebuffed after articulating to a district court the problem he sees, and the solution thereto. *United States v. Bowens*, 938 F.3d 790, 801 (6th Cir. 2019) (explaining that in response to the *Bostic* question the defense has no obligation to raise

objections already made); see also *United States v. Kamper*, 748 F.3d 728, 740 (6th Cir. 2014) ("No explicit objection after the *Bostic* inquiry was required . . . because [defendant] had already argued and the district court had explicitly addressed the issue.").

The government's reliance on *United States v. Vonner*, 516 F. 3d 382 (6th Cir. 2008) is misplaced. In *Vonner*, the defendant had never objected to the factual assertions in the PSR. *Id*. at 385. Vonner asked for leniency because of his childhood, presentence confinement, assistance to the government, and the circumstances of his case. *Id* at 386. He had not contested facts through objection to the PSR. Conversely, Cabrera asked for a shorter sentence because he did not agree that the facts in the PSR were accurate, and felt they could not be relied upon to form the district court's opinion. (PSR, R. 14, Page ID # 66; Nov. 18, 2025 Sentencing Hr'g Tr., R. 24, Page ID # 116-117,139).

When Mr. Cabrera appeals on grounds that the explanation was insufficient and there were no factual findings, he had already asked for an explanation and resolution of factual questions when he objected to the facts in PSR ¶ 25 and highlighted the lack of corroboration, lack of a neutral observer, and affirmative dismissal of the charges that would have matched

6

the police report. *See United States v. Black*, 2025 WL 1356614 at *3 (6th Cir. May 9, 2025).

Objection to the district court's non-resolution of defense counsel's factual disputes was inherent in objecting to the facts. Since the district court had already said that the facts were supported to his satisfaction, any further objection amounts to nothing more than "Tell me why? Explain yourself and then answer this question within a question." *Bostic* is not an instruction for attorneys to badger a judge who has already answered the very issue that an attorney raised through an objection.

### III. The PSR Lacks the Minimal Indicium of Reliability Necessary to Support its Accuracy

The unsworn, uncorroborated, and unproven allegations contained in the PSR lack the minimal indicium of reliability required for a sentencing court to consider. While the court may consider undercharged or dismissed conduct at sentencing, it may do so only where there is a "sufficient indicia of reliability to support its probable accuracy." *United States v. Wilson*, 1998 WL 939987 at *2 (6th Cir. 1998) (quoting U.S.S.G. § 6A1.3). This standard is not met here.

A district court may only rely upon the factual information contained in a police report, "if the information has a 'minimal indicium of reliability.'" *Black*, 2025 WL 1356614 at *3. Accordingly, "a sentencing judge must disregard evidence which is untrustworthy or unreliable." *United States v. Emerson*, 1994 WL 75780 at *2 (6th Cir. 1994). Further, a "sentencing judge may not, without further findings, simply sentence a defendant based on conjecture." *United States v. Clark*, 254 F. App'x 528, 535 n. 4 (6th Cir. 2007) (citation modified).

Police reports like those incorporated in Mr. Cabrera's PSR "are often unreliable because they are not filed in court, are not sworn to, and are developed for an investigatory purpose." *Black*, 2025 WL 1356614 at *3 (citing *United States v. Jones*, 453 F.3d 777, 780 (6th Cir. 2006)). Courts should exercise caution when relying on police reports for sentencing due to them being "advocacy pieces, written for prosecutors to use in deciding whether or how to charge a suspect." *Id*.

The allegations at issue are drawn solely from unsworn statements in a police report that are unsupported by live witness testimony or any independent evidence. Together, these factors underscore the absence of any sufficient indica of reliability

The government is incorrect in arguing that the district court was free to take judicial notice of Mr. Cabrera's state court proceedings. (Doc. 11: Gov. Br., Page 19). A "court may take notice of the documents and what they say, but it '[cannot] consider the statements contained in the document for the truth of the matter asserted.'" *Platt v. Bd. of Comm'rs on Grievs. & Discipline of Ohio Supreme Court*, 894 F.3d 235, 245 (6th Cir. 2018) (citation modified); *see also Eubank v. Wesseler*, 2011 WL 3652558 at *3 n. 2 (E.D. Ky. Aug. 19, 2011) (explaining that "[t]he vast majority of cases hold that police reports do not constitute matters of public record appropriate for judicial notice"). A court cannot, however, take judicial notice of facts subject to reasonable dispute. *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848-49 (6th Cir. 2020). In other words, while the court may take judicial notice of the police report's existence, it may not take judicial notice of the statements within for the truth of the matter asserted. In turn, judicial notice of the state court records establishes only that Mr. Cabrera's initial charges were dismissed, which undermines, rather than corroborates the reliability of the police report.

Contrary to the government's argument, Mr. Cabrera's statements in Paragraph 36 of the PSR do not actually corroborate PSR ¶ 25. (*See* Doc. 11:

9

Gov. Br., Pages 19-20). Paragraph 36 merely states that Mr. Cabrera did not know his family's whereabouts after his arrest. (PSR, R. 14, Page ID # 57-58). It makes no reference to any alleged victim, nor does it attribute his family's relocation to any specific conduct by Mr. Cabrera. (*Id.*)

This Court has already recognized the inherent unreliability of unsworn police reports when unaccompanied by corroborating evidence. *See Black*, 2025 WL 1356614 at *3. Here, the government offered no witnesses and no independent evidence to substantiate the conduct underlying Mr. Cabrera's dismissed rape charges. The unsworn nature of the statements, the fact that rape charges were dismissed, and the absence of any additional supporting evidence highlights the lack of an indicium of reliability.

This case parallels *United States v. Hatcher*. 947 F.3d 383, 395-96 (6th Cir. 2020). In *Hatcher*, this Court found in part that a sentencing court's reliance on unsworn testimony despite not being provided any documentation supporting the allegations failed to meet the preponderance of the evidence standard for sentencing considerations. *Id.* As this Court explained, "basing a criminal sentence on a non-existent material fact threatens to compromise the fairness, integrity, or public reputation of [judicial] proceedings." *Id.* The same principle applies here. The unsworn testimony and uncorroborated

allegations of the PSR fail to show its reliability by a preponderance of the evidence.

## IV. The Above Guidelines Sentence is Procedurally and Substantively Unreasonable

Mr. Cabrera's sentence is both procedurally and substantively unreasonable because the district court imposed a significantly above-guidelines sentence after placing an unreasonable weight on PSR ¶ 25's disputed allegations and dismissed state charges. The government is incorrect when it argues that the above guidelines sentence – which went a full 10 months above the government's recommendation – was reasonable. (*See* Doc. 11: Gov. Br., Page 21). Further, as explained above, the government's argument that the Due Process claims were not preserved misses the fact that Defendant requested a lower sentence, and engaged in significant repartee with the district court regarding the same.

Due process concerns arise when a sentencing judge relies on "materially false or unreliable information in sentencing a defendant" which the defendant has not been afforded the opportunity to rebut. *See Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007); *see also United States v. Taylor*, 768 F.2d 114, 121 (6th Cir. 1985) ("[W]hen a trial judge relies on materially false

or unreliable information in sentencing a defendant, the defendant's due process rights are violated."). While a sentencing court may place great weight on one sentencing factor if it is warranted under the facts of the case, it "may not give any one sentencing factor an 'unreasonable amount of weight.'" *United States v. Jones*, 2023 WL 1861317 at *2 (6th Cir. Feb. 9, 2023) (quoting *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006). Further, "A sentence is substantively unreasonable if the district court selected the sentence arbitrarily, based the sentence on impermissible factors, or gave an unreasonable amount of weight to any one factor." *United States v. Ford*, 724 F. App'x 428, 436 (6th Cir. 2018) (citing *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011)) (emphasis added).

In explaining the 70% variance, the district court repeatedly referenced the dismissed charges, as if he had been convicted of those crimes. (Nov. 18, 2025 Sentencing Hr'g Tr., R. 24, Page ID # 117, 125, 135, 137). For instance, when discussing deterrence in the context of Mr. Cabrera's illegal reentry case, the court specifically referenced the dismissed charges. (*Id.*, Page ID # 125). By relying so heavily on dismissed charges, the court assigned unreasonable and improper weight to this factor. Such reliance is procedurally unreasonable absent any compelling justification or

explanation. *See United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020); *see also United States v. Henry*, 545 F.3d 367, 385 (6th Cir. 2008). Given the great weight the court placed on Mr. Cabrera's dismissed charges without an adequate explanation or justification, Mr. Cabrera's sentence is both procedurally and substantively unreasonable and must be vacated.

## **CONCLUSION**

For the foregoing reasons, Mr. Cabrera respectfully requests that this Court vacate Mr. Cabrera's sentence and remand for further proceedings.

February 26, 2026    Respectfully submitted,

*/s/*   Johanes C. Maliza
Johanes C. Maliza
Roger A. Boyer
BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
216-363-4500
JMaliza@beneschlaw.com
Rboyer@beneschlaw.com
*Attorneys for Appellant*

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that the foregoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 2631 words of Book Antiqua 14-point proportional type across 235 lines of text. The word processing software to prepare this brief was Microsoft Word.

Dated: February 26, 2026             /s/    Johanes C. Maliza
                                     Johanes C. Maliza

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have emailed courtesy copies of the foregoing document to the case participants identified below.

Laura McMullen Ford
Office of the United States Attorney
United States Courthouse
801 W. Superior Avenue, Suite 400
Cleveland, Ohio 44113
Laura.Ford@usdoj.gov

*Attorney for Appellee*

/s/   Johanes C. Maliza
Johanes C. Maliza

# DESIGNATION OF ORIGINATING COURT DOCUMENTS

In accordance with 6. Cir. R. 30, Appellant hereby designates as "Relevant District Court Documents" the following documents filed in the district court and available via the court's electronic CM/ECF system:

| ECF | Date | Item | Page ID |
|---|---|---|---|
| N/A | N/A | Docket Sheet, Northern District of Ohio Case No. 1:25CR82 | N/A |
| 14 | 11/04/2025 | Presentence Investigation Report *Sealed* | 50-67 |
| 19 | 11/19/2025 | Judgment | 84-90 |
| 24 | 11/28/2025 | Nov. 18, 2025 Sentencing Hr'g Tr. | 113-140 |